IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERRY HERRON,

      Plaintiff,                     No. CIV S-08-610 GEB KJM PS

      vs.

SACRAMENTO HOUSING AND
REDEVELOPMENT AGENCY, et al.,     ORDER AND

      Defendants.              FINDINGS AND RECOMMENDATIONS

/

        Plaintiff is proceeding in this action pro se. Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302(c)(21).

        Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

        The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

/////

1   A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

Plaintiff alleges that defendant Sacramento Housing and Redevelopment Agency ("SHRA") violated his "constitutional rights to fair housing and due process, Sections 804a, 804b and 804f3B of Title VIII of the Civil Rights Act of 1968 as amended by the Fair Housing Act of 1988." Compl. at 1. Plaintiff further alleges that the hearing officer "violated ADA laws by his assumption of how he thought plaintiff's depression affects him, by referring to his disability as an excuse for ignoring his responsibilities, and further harassing by saying 'That's not a good reason, that's an excuse.'" Id. at 6-7. In support of his claim, plaintiff mentions section 504 of the Rehabilitation Act of 1973 and the Americans with Disabilities Act of 1990 (ADA). Id. at 1-2. Against defendant United States Department of Housing and Urban Development ("HUD") and SHRA, plaintiff alleges "discrimination and failure to provide a fair and impartial hearing. HUD failed to thoroughly investigate plaintiff's complaint and enforce plaintiff's right to Fair Housing." Id. at 2.

The statute of limitations for filing a claim under Title VIII for alleged discriminatory housing practices is two years. 42 U.S.C.A. § 3613(a)(1)(A). Plaintiff's claim was denied on January 21, 2005. Id., Ex. 4 at 2. Plaintiff filed his complaint on March 18, 2008. Id. at 1. Because the complaint was filed more than two years after the last alleged discriminatory housing practice, the statute of limitations bars plaintiff's Title VIII claim. Similarly, plaintiff's claim based on HUD's investigation of plaintiff's complaint and claims of discrimination is also barred by the statute of limitations. See 42 U.S.C.A. § 3610 (HUD's complaint process under Title VIII).

/////

1  Plaintiff's claim against SHRA, for failure to provide a fair and impartial hearing,
2 is also time barred. See Cal. Code Civ. Proc. § 1094.6 (petition for judicial review of local
3 agency decision must be filed within ninety days).  With respect to plaintiff's claims of
4 discrimination under the ADA or the Rehab Act, those claims were also not brought within the
5 statute of limitations.  See Daviton v. Columbia/HCA Healthcare Corp., 241 F.3d 1131, 1136 n.8
6 (9th Cir. 2001).  Because all of plaintiff's claims are time barred, it appears that further
7 amendment would be futile.  This action should therefore be dismissed.

8  Accordingly, IT IS HEREBY ORDERED that plaintiff's request to proceed in
9 forma pauperis is granted; and

10  IT IS HEREBY RECOMMENDED that this action be dismissed.

11  These findings and recommendations are submitted to the United States District
12 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten
13 days after being served with these findings and recommendations, any party may file written
14 objections with the court and serve a copy on all parties.  Such a document should be captioned
15 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
16 shall be served and filed within ten days after service of the objections.  The parties are advised
17 that failure to file objections within the specified time may waive the right to appeal the District
18 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

19 DATED:  February 23, 2009.

_____
U.S. MAGISTRATE JUDGE

006
herron.ifp.57